Caruthees, J.,
delivered the opinion of the court.
This was a conviction in the circuit court of Jefferson, for an assault and battery with intent to commit a rape upon Mary W. Riggs, a free white female, in the county of Jefferson.
It is assigned for error here: 1. That the record does not show that the jurors who tried the defendant possessed the qualifications required by law. True, it is not expressly stated that they were citizens of the county or freeholders, or householders, or even “ good and lawful men.” Yet it appears that they were “ elected, tried and sworn.” No objection was made by the accused to any of them, so as to bring any question before us on their competency. The circuit Judge is the trier of all questions appertaining to the qualifications of jurors. -It must be presumed that his action was correct unless he is put in the wrong by exceptions upon the record setting forth the facts upon which he decided. In the case of Turner vs. The State, 9 Humph., 119, this precise question came before the court in relation to a grand jury. All that we now do is to extend *114 tbe principle there laid down. There is no reason for a distinction. There is then, nothing in the objection.
2. It is objected that as the conviction was upon the second and fourth counts, and the latter is bad, the verdict should be set aside. This position cannot be sustained. If the verdict is general, or upon two or more counts, and either count be good, the conviction will stand, no matter how defective the other may be. No objection is taken to the second count, but it is admitted to be unexceptionable.
3. The record shows that Jacob Peck appeared in the prosecution of the case as attorney general pro tem, when it does not appear that he was ever appointed to that position, or that any necessity existed by the absence of the attorney general or otherwise, for such an appointment. But the indictment was signed and preferred by the attorney general for the circuit, and only prosecuted by the pro tem. Perhaps no case has ever gone so far as to make the objection here taken available. In the cases of Staggs vs. The State, 3 Humph., 372. Hite vs. The State, 9 Yerg., 198, and others cited, the indictments were not preferred by the regular attorney general. But the act of 1852, forbids a reversal in such cases as these. By that act it is declared that if the record does not show that the person who signs the indictment as attorney general pro tem, was appointed, it is not error. It must be presumed that the court would not permit any one to enter upon and discharge the important functions of this officer, without the existence of some necessity, and a regular appointment.
The objections in this case are all purely technical, and have no reference to the merits. The proof is not *115 even given on which, the conviction was founded. From which fact it must be inferred, that it was entirely conclusive of his guilt. The day has now passed for rescuing the guilty upon mere technicalities. The legislature has wisely willed it, and it is not for the courts to resist the great reform. We would favor rather than obstruct it.
The judgment will be affirmed, and the sentence executed.